## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL PIETRZAK, individually and on behalf of himself and all others similarly situated, | |
| | Case No. 1:18 CV 6314 |
| Plaintiff, | |
| v. | Judge |
| | Magistrate |
| SAUL EWING ARSTEIN & LEHR, a limited liability partnership, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff MICHAEL PIETRZAK ("Pietrzak"), by and through his attorneys, Kenneth M. DucDuong of KMD Law Office, Ltd. and Stacy Bardo of Bardo Law, P.C., and for his Complaint against Defendant SAUL EWING ARNSTEIN & LEHR, LLP ("Saul Ewing" or "Defendant") to obtain damages, costs of suit, and other suitable relief from Defendant, for its violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, states and alleges as follows:

## JURISDICTION AND VENUE

1.      This court has original jurisdiction in this action by virtue of 28 U.S.C. § 1331 because the matter in dispute involves a federal law arising under the FDCPA, 15 U.S.C. § 1692(k).

2.      Venue is proper in this District under 28 U.S.C. § 1391(b) because the allegations herein relate to Defendant's transactions in this District, and its infliction of injury on Plaintiff in the State of Illinois.

3.      Defendant is located or conducts business with consumers like Plaintiff in

this District.

## **PARTIES**

4.      Plaintiff resides in Chicago, Illinois, within this district.

5.      Plaintiff is a "consumer" under the FDCPA.

6.      The alleged debt that Defendant attempted to collect from Plaintiff is a consumer debt, as that term is defined under § 1692a(5) of the FDCPA, because it arose from the homeowner's assessment of Plaintiff's residence.

7.      Defendant Saul Ewing Arnstein & Lehr, LLP is a limited liability partnership, incorporated under the laws of Delaware, registered as a foreign partnership in the State of Illinois, and maintains its principal office at 161 N. Clark Street, Suite 4200, Chicago, Illinois 60601. On September 1, 2017, Arnstein & Lehr, LLP was merged to Saul Ewing to become Saul Ewing Arnstein & Lehr, LLP. Before September 2, 2017, Arnstein & Lehr was a domestic limited liability partnership, incorporated under the laws of Illinois, with a principal address at 161 N. Clark St., Suite 4200, Chicago, IL 60601. Saul Ewing Arnstein & Lehr, LLP and Arnstein & Lehr, LLP, to the extent that Arnstein & Lehr was liable for the conduct described herein prior to its merger with Saul Ewing, are referred to together as Defendant.

8.      Defendant regularly engages in the business of collecting debts, including homeowner assessments, purportedly owed or due to third parties from the unit owners, through e-mail, letters, and telephone calls.

9.      On its website, Defendant claims that it represented more than 500 condominium and community associations and regularly collected and "[a]ssist[ed] with the collection of unpaid assessments, fines, late fees and other charges" from unit owners

like Plaintiff. *See* https://www.saul.com/industries/condominium-and-community-associations.

10.     Each year, Defendant mailed hundreds and thousands of form collection letters (similar to Collection Letter #1 or #2 (Exhibits 1 and 2 attached hereto)) in an attempt to collect allegedly overdue homeowner assessments from unit owners. On information and belief, Defendant mailed more than 500 form collection letters each year.

11.     Defendant's collection letters sent to Plaintiff stated, "We are attempting to collect a debt.  Any information obtained will be used for that purpose."

12.     At all times relevant in this Action, Defendant was a "debt collector" as that term is defined under § 1692a(6) of the FDCPA.

## CLASS ALLEGATIONS

13.     Plaintiff brings this lawsuit on behalf of himself and all other persons similarly situated and seeks certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure, subject to amendment as may be appropriate after discovery, defined as:

> All persons who resided in Illinois and received: (1) a form collection letter materially identical or substantially similar to Exhibits A or B attached hereto; (2) within twelve months prior to the date of filing of this action; and (3) which letters were not returned as undelivered or undeliverable.

14.     This proposed class satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23(b)(3).

15.     The class is sufficiently numerous such that joinder is impractical.  As part of its debt collection practices, Defendant represents hundreds and thousands of homeowners and condominium associations like Plaintiff's Association, Park Place Tower 1 Condominium Association (the "Association") in debt collection efforts for allegedly past due homeowner assessments alleged to be due or owing another.

16.     While Plaintiff does not know the exact size of the class, as such information is in Defendant's possession, the fact that Defendant regularly represented creditors and condominium and homeowner associations renders common sense assumptions as to numerosity appropriate here.

17.     Common questions of law and fact exist as to all members of the class and predominate over any questions affecting individual members of the class, including but not limited to whether Defendant's form Collection Letters violated §§ 1692g, 1692e, and 1692f of the FDCPA.

18.     Plaintiff's claims are typical of the class members' claims because they arise from the same operative facts (the sending of materially identical letters) and are predicated on the same legal theory.

19.     There are no individual questions of fact, other than whether a class member received an offending letter, a question that can be determined by a ministerial inspection of Defendant's records.

20.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff is committed to vigorously prosecuting this matter, has agreed to serve as a class representative, and has retained counsel experienced in handling class actions and claims involving unlawful debt collection practices.  Neither Plaintiff nor his counsel have any interests that might cause them to not vigorously pursue this claim on behalf of the class.

21.     This action should be maintained as a class action as the prosecution of separate actions by individual class members creates a substantial risk of inconsistent or varying adjudications and could establish incompatible standards of debt collector conduct. Furthermore, the prosecution of separate actions could result in adjudications of individual

member claims that could be dispositive of the interests of other members not parties to the adjudications or could substantially impair and/or impede the ability of such individuals to protect their interests.

22.     A class action is a superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages in an individual action under the FDCPA is $1,000.  Management of the class claims in this case is likely to present significantly fewer difficulties than those presented in many other class cases and the identities of individual class members may be easily obtained from Defendant's records.

<strong><u>FACTS PARTICULAR TO PLAINTIFF AND RELEVANT TO ALL COUNTS</u></strong>

23.     For years prior to 2018 and continuing to the present, Plaintiff is a unit owner of a residential condominium unit property within the Association.

24.     On or about April 19, 2018, Defendant mailed Plaintiff a collection letter titled "Notice and Final Demand for Payment" (the "Collection Letter #1"), demanding full payment in the amount of $3,249.75, which lists the charges as follows:

Charges through 4/19/2018 per attached

| | |
|---|---|
| Occupant Ledgers | $2,692.38 |
| Parking Space | $317.37 |
| Legal/Collection Charge | <u>$240.00</u> |
| | $3,249.75 |

(*See* attached Exhibit 1).

25.     On or about April 27, 2018, Defendant mailed Plaintiff a collection letter titled "Notice and Final Demand for Payment" ("Collection Letter #2"), demanding full payment in the amount of $2,349.75, which lists the charges as follows:

Charges through 4/27/2018 per attached

| | |
|---|---|
| Occupant Ledgers | $1,898.17 |
| Parking Space | $211.58 |
| Legal/Collection Charge | $240.00 |
| | $2,349.75 |

(*See* attached Exhibit 2).

26.     Defendant also sent e-mails to Plaintiff by and through its counsel with the following signature block:

> **Vincent M. Canale** | Attorney at Law
> **SAUL EWING ARNSTEIN & LEHR LLP**
> 161 North Clark, Suite 4200 | Chicago, IL 60601
> Tel: 312.876.6940 | Fax: 312.876.0288
> Vincent.Canale@saul.com | www.saul.com

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**
**ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

### COUNT I
VIOLATION OF §1692g AS TO COLLECTION LETTER #1

27.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 as if fully set forth in this paragraph.

28.     Collection Letter # 1 is the initial collection letter sent to Plaintiff regarding the alleged homeowner assessment debt at issue.

29.     Section 1692g of the FDCPA requires a debt collector to include a validation notice within five days of the initial communication from the debt collector to the consumer. This validation notice is intended to advise the consumers as to certain federal rights under which they may dispute a debt.

30.     Under §1692g of the FDCPA, a collection letter must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the reasonably unsophisticated consumer.

31.     Paragraph 2 of Collection Letter #1, Exhibit 1, states in part:

- 6 -

Pursuant to Section 9-104.1 of the Illinois Code of Civil Procedure, demand is hereby made for payment in full of the Debt within (30) days from the date of this Notice and Final Demand for Payment.

32.     Paragraph 2 of Collection Letter #1, Exhibit 1, further states:

Unless full payment of the Debt is made on or before thirty (30) days after the date of service of this Notice and Final Demand for Payment, your right to possession of the above-referenced condominium unit will be terminated . . .

33.     Paragraph 1 on page 2 of Collection Letter #1 states: "**Federal law give you thirty days after you receive this Notice and Final Demand to dispute the validity of the Debt or any part of it**." (Bold emphasis in original).

34.     The paragraph in Collection Letter #1, as alleged in paragraphs 31 and 32, above, which requires Plaintiff to pay "within (30) days from the date of this Notice ..." and to pay in full "on or before thirty (30) days after the date of services" conflicts with the federal notice giving a consumer 30 days to dispute the debt.

35.     Collection Letter #1 failed to properly explain the apparent conflict in the statements, as alleged in paragraphs 31, 32, and 33, above, and therefore overshadowed, eviscerate, and confounded the validation notice requirement of §1692g(a) and (b), in violation of the FDCPA.

36.     For example, §1692g(b) states, "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by

the debt collector."

37.     Failure to provide an effective notice of rights under the FDCPA caused

Plaintiff and the class members to suffer a concrete injury in fact.  There is risk of harm

associated with providing an inaccurate and thus, ineffective notice of dispute rights

because consumers may not take advantage of their rights to dispute if they are confused

as to when they must pay or be sued.  In fact, Congress gave consumers a legally protected

interest in receiving certain information about their alleged debts and made the

deprivation of such information a cognizable injury.

WHEREFORE, Plaintiff Michael Pietrzak, on behalf of himself and all others similarly

situated, respectfully prays that this Honorable Court enter a judgment in his favor, and

against Defendant Saul Ewing Arnstein & Lehr, LLP, as follows:

A.   Certify the action to proceed as a class action;

B.   For an award of actual and statutory damages as permitted under §1692k(a)(2);

C.   For reimbursement of reasonable attorney fees and expenses pursuant to

     §1692k(a)(3); and

D.   For such other or further relief as this Court deems just and equitable.

### COUNT II
### VIOLATION OF §1692g AS TO COLLECTION LETTER #2
### PLEAD IN THE ALTERNATIVE TO COUNT I

38.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 as

if fully set forth in this paragraph.

39.     In the alternative to Count I, Collection Letter # 2 is the initial collection

letter sent to Plaintiff regarding the alleged homeowner assessment debt at issue.

40.     Section 1692g of the FDCPA requires a debt collector to include a validation

notice within five days of the initial communication from the debt collector to the consumer. This notice is intended to advise the consumer as to certain federal rights under which the consumer may dispute a debt.

41.    Under §1692g of the FDCPA, a collection letter must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the reasonably unsophisticated consumer.

42.    Paragraph 2 of Collection Letter #2, Exhibit 2, states in part:

Pursuant to Section 9-104.1 of the Illinois Code of Civil Procedure, demand is hereby made for payment in full of the Debt within (30) days from the date of this Notice and Final Demand for Payment.

43.    Paragraph 2 of Collection Letter #2, Exhibit 2, further states:

Unless full payment of the Debt is made on or before thirty (30) days after the date of service of this Notice and Final Demand for Payment, your right to possession of the above-referenced condominium unit will be terminated . . .

44.    Paragraph 1 on page 2 of Collection Letter #1 states: "**Federal law give you thirty days after you receive this Notice and Final Demand to dispute the validity of the Debt or any part of it**." (Bold emphasis in original).

45.    The paragraph in Collection Letter #2, as alleged in paragraphs 43 and 44 , above, which requires Plaintiff to pay "within (30) days from the date of this Notice ..." and to pay in full "on or before thirty (30) days after the date of services" conflicts with the federal notice giving a consumer 30 days to dispute the debt.

46.    Collection Letter #2 failed to properly explain the apparent conflict in the statements, as alleged in paragraphs 43, 44, and 45, above, and therefore overshadowed, eviscerated and confounded the validation notice requirements of §1692g(a) and (b), in

violation of the FDCPA.

47.     For example, §1692g(b) states, "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

48.     Failure to provide an effective notice of rights under the FDCPA caused Plaintiff and the class members to suffer a concrete injury in fact.  There is risk of harm associated with providing an inaccurate and thus, ineffective notice of dispute rights because consumers may not take advantage of their rights to dispute if they are confused as to when they must pay or be sued.  In fact, Congress gave consumers a legally protected interest in receiving certain information about their alleged debts and made the deprivation of such information a cognizable injury.

WHEREFORE, Plaintiff Michael Pietrzak, on behalf of himself and all others similarly situated, respectfully prays that this Honorable Court enter a judgment in his favor, and against Defendant Saul Ewing Arnstein & Lehr, LLP, as follows:

A.   Certify the action to proceed as a class action;

B.   For an award of actual statutory damages as permitted under §1692k(a)(2);

C.   For reimbursement of reasonable attorney fees and expenses pursuant to §1692k(a)(3); and

D.   For such other or further relief as this Court deems just and equitable.

## COUNT III
VIOLATIONS OF §§1692e and 1692f OF THE FDCPA

49.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 as if fully set forth in this paragraph.

50.    The first sentence of Paragraph 2 of Collection Letter #1 and #2, Exhibit 1 and 2, states:

> Pursuant to 9-104.1 of the Illinois Code of Civil Procedure, demand is hereby made for payment in full of the Debt *within (30) days from the date of this Notice and Final Demand for Payment.* . . .

(Emphasis added).

51.    The second sentence of paragraph 2 of Collection Letter #1 and #2, Exhibit 1 and 2, states:

> *Unless* full payment of the Debt is made on or before thirty (30) days after the date of service of this Notice and Final Demand for Payment, *your right to possession of the above-referenced condominium unit will be terminated* . . .

(Emphasis added).

52.    Section 1692e(5) prohibits a debt collector from making any threat to take any action that cannot be legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

53.    Section 1692e(10) prohibits a debt collector from the use of any false representation or deceptive e means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

54.    Section 1692f prohibits a debt collector from the use of unfair or unconscionable means to collect or attempt to collect any debt.

55.     Under Illinois' Forcible Entry and Detainer Act (the "FED Act"), the right to possession of an owner of a condominium unit cannot be *automatically* terminated, without a court order or legal process, simply because of the unit owner's mere failure to pay his or her homeowner assessments.

56.     Moreover, section 9-104.1(a) states: ". . . in case of condominium property, the demand **shall** give . . . to the condominium unit owner, as the case may be, **at least** 30 days to satisfy the terms of the demand before an action is filed." 735 ILCS 5/9-104.1(a) (Emphasis added).

57.     Collection Letters #1 and #2 demand full payment within 30 days of the date of the letters, in violation of section 9-104.1(a) of the FED Act and therefore violate §§ 1692e(2) and (10),  in two ways:

> a.   Threatening that Plaintiffs' right to possession of his condominium unit will be automatically terminated, within 30 days and without a legal process or court order, simply because of a failure to pay assessments, in violation of §§ 1692e(5) and (10), and § 1692f of the FDCPA; and

> b.   Demanding full payment within 30 days of the date of the collection letters, in violation of section 9-104.1(a) of the FED Act, and therefore violating §§ 1692e(2) and (10).

58.     Further, in the case of a condominium, the state court shall stay enforcement of possession for at least 60 days. 735 ILCS 5/9-111 ("The court *shall*, by order, stay the enforcement of the judgment for possession for a period of not less than 60 days from the date of the judgment and may stay the enforcement of the judgment for a period not to exceed 180 days from such date.") (Emphasis added).

- 12 -

59.     Thus, Defendant cannot legally take possession within 30 days of the date of the collection letters.

60.     Based on the above allegations, Defendant's Collection Letter #1 and #2 violated the FDCPA by making false, deceptive, and unfair representations.

61.     Defendant's misrepresentations and unfair collection practice and conduct described herein causes damage.  Consumers are left to wonder when and how they may be evicted if they don't pay within the timeframe directed and have had their rights under state and federal law improperly explained, which are specific, identifiable, and concrete harms.

WHEREFORE, Plaintiff Michael Pietrzak, on behalf of himself and all others similarly situated, respectfully prays that this Honorable Court enter a judgment in his favor, and against Defendant Saul Ewing Arnstein & Lehr, LLP, as follows:

A.   Certify this action to proceed as a class action;

B.   For an award of actual and statutory damages as permitted under §1692k(a)(2);

C.   For reimbursement of attorney fees and expenses pursuant to §1692k(a)(3); and

D.   For such other or further relief as this Court deems just and equitable.

Dated: ___September 17___, 2018

Respectfully Submitted,
MICHAEL PIETRZAK, on behalf of himself and all others similarly situated


By: ___/s/Kenneth M. DucDuong___
        One of his attorneys


*Counsel for Plaintiff*:

Kenneth M. DucDuong
KMD Law Office, Ltd.
4001 West Devon Avenue, Suite 332

Chicago, IL 60646
Tel.: 312.997.5959
Fax: 312.219.8404
E-Mail: kducduong@kmdlex.com

Stacy M. Bardo
Bardo Law, P.C.
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
E-Mail: stacy@bardolawpc.com

### JURY DEMANDED

Plaintiff demands trial by jury on all issues triable.

Respectfully Submitted,

By:  *s/ Kenneth M. DucDuong*
Kenneth M. DucDuong
One of Plaintiff's Attorneys

### DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take affirmative steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By:  *s/ Kenneth M. DucDuong*
Kenneth M. DucDuong
One of Plaintiff's Attorneys

## **ATTORNEY LIEN**

Plaintiff has assigned to his counsel as attorney's lien all fees and costs
as permitted and assignable under the laws.

By:  *s/ Kenneth M. DucDuong*
Kenneth M. DucDuong
One of Plaintiff's Attorneys


*Counsel for Plaintiff*:

Kenneth M. DucDuong
KMD Law Office, Ltd.
4001 West Devon Avenue, Suite 332
Chicago, IL 60646
Tel.: 312.997.5959
E-Mail: kducduong@kmdlex.com

Stacy M. Bardo
Bardo Law, P.C.
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
E-Mail: stacy@bardolawpc.com