IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL PIETRZAK, individually and on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SAUL EWING ARNSTEIN & LEHR, <br><br> Defendant. | Case No. 18-cv-6314 <br><br> Judge: Manish S. Shah <br><br> Magistrate Judge: Susan E. Cox |

### DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT

Defendant, SAUL EWING ARNSTEIN & LEHR ("Saul Ewing" or "Defendant"), by its attorneys, Peter D. Sullivan and Jennifer W. Weller of Hinshaw & Culbertson LLP, in answer to Plaintiff's Amended Class Complaint, states as follows:

### JURISDICTION AND VENUE

1. This court has original jurisdiction in this action by virtue of 28 U.S.C. § 1331 because the matter in dispute involves a federal law arising under the FDCPA, 15 U.S.C. § 1692(k).

**ANSWER:** **Defendant admits that Plaintiff purports to bring claims pursuant to the FDCPA and that this Court could therefore have jurisdiction pursuant to 28 U.S.C. § 1331. Defendant denies Plaintiff has suffered a particularized concrete injury that is sufficient to confer standing and therefore denies that this Court has subject matter jurisdiction pursuant to Article III of the United States Constitution. Defendant denies any remaining allegations contained in Paragraph 1.**

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the allegations herein relate to Defendant's transactions in this District, and its infliction of injury on Plaintiff in the State of Illinois.

**ANSWER: Defendant does not contest venue, however, Defendant denies that Plaintiff has any injury and denies the remaining allegations contained in Paragraph 2**.

3. Defendant is located or conducts business with consumers like Plaintiff in this District.

**ANSWER: Defendant admits that it is a law firm with an office located in Chicago, Illinois. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.**

## PARTIES

4. Plaintiff resides in Chicago, Illinois, within this district.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.**

5. Plaintiff is a "consumer" under the FDCPA.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.**

6. The alleged debt that Defendant attempted to collect from Plaintiff is a consumer debt, as that term is defined under § 1692a(5) of the FDCPA, because it arose from the homeowner's assessment of Plaintiff's residence.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.**

7. Defendant Saul Ewing Arnstein & Lehr, LLP is a limited liability partnership, incorporated under the laws of Delaware, registered as a foreign partnership in the State of

Illinois, and maintains its principal office at 161 N. Clark Street, Suite 4200, Chicago, Illinois 60601. On September 1, 2017, Arnstein & Lehr, LLP was merged to Saul Ewing to become Saul Ewing Arnstein & Lehr, LLP. Before September 2, 2018, Arnstein & Lehr was a domestic limited liability partnership, incorporated under the laws of Illinois, with a principal address at 161 N. Clark St., Suite 4200, Chicago, IL 60601. Saul Ewing Arnstein & Lehr, LLP and Arnstein & Lehr, LLP, to the extent that Arnstein & Lehr was liable for the conduct described herein prior to its merger with Saul Ewing, are referred to together as Defendant.

**ANSWER:** **Defendant admits that Saul Ewing Arnstein & Lehr, LLP is organized as a limited liability partnership under the laws of Delaware and that it is registered as a foreign partnership in the State of Illinois. Defendant admits that it has an office located at 161 North Clark Street Suite 4200 Chicago, IL 60601. Defendant admits that the partnerships of Saul Ewing LLP and Arnstein & Lehr LLP merged effective September 1, 2017. Defendant admits that before the merger Arnstein & Lehr LLP was organized as an Illinois LLP and that it had an address at 161 N. Clark St., Suite 4200, Chicago, IL 60601. Defendant denies the remaining allegations contained in Paragraph 7.**

8. Defendant regularly engages in the business of collecting debts, including homeowner assessments, purportedly owed or due to third parties from the unit owners, through e-mail, letters, and telephone calls.

**ANSWER:** **Defendant admits that there are attorneys and others at the firm who assist condominium associations in the collection of unpaid assessments. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.**

9. On its website, Defendant claims that it represented more than 500 condominium and community associations and regularly collected and "[a]ssist[ed] with the collection of unpaid assessments, fines, late fees and other charges" from unit owners like Plaintiff. *See* https://www.saul.com/industries/condominium-and-community-associations.

**ANSWER: Defendant admits that the quotation "Assisting with the collection of unpaid assessments, fines, late fees and other charges" is contained on its website as a subheading under "Litigation" for Condominium and Community Associations. Defendant denies the remaining allegations contained in Paragraph 9.**

10. Each year, Defendant mailed hundreds and thousands of form collection letters (similar to Collection Letter #1 or #2 (Exhibits 1 and 2 attached hereto)) in an attempt to collect allegedly overdue homeowner assessments from unit owners. On information and belief, Defendant mailed more than 500 form collection letters each year.

**ANSWER: Defendant admits that for several years it has mailed more than 100 letters to certain condominium unit owners similar but not identical to the letters sent to Plaintiff. The letters speak for themselves. Defendant denies all other allegations in this paragraph.**

11. Defendant's collection letters sent to Plaintiff stated, "We are attempting to collect a debt. Any information obtained will be used for that purpose."

**ANSWER: Defendant admits that the letters attached as Exhibits 1 and 2 contained the quoted language. Defendant denies the remaining allegations contained in Paragraph 11.**

12. At all times relevant in this Action, Defendant was a "debt collector" as that term is defined under § 1692a(6) of the FDCPA.

4

**ANSWER: Defendant states that under certain circumstances and for some purposes it may be considered a debt collector but Defendant otherwise denies the allegations contained in Paragraph 12.**

## CLASS ALLEGATIONS

13. Plaintiff brings this lawsuit on behalf of himself and all other persons similarly situated and seeks certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure, subject to amendment as may be appropriate after discovery, defined as:

> All persons who resided in Illinois and received: (1) a form collection letter materially identical or substantially similar to Exhibits A or B attached hereto; (2) within twelve months prior to the date of filing of this action; and (3) which letters were not returned as undelivered or undeliverable.

**ANSWER: Defendant admits that Plaintiff has filed this action on behalf of a purported class and in further answering denies that Plaintiff can establish the requirements of Rule 23 and denies a class should be certified.**

14. This proposed class satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23(b)(3).

**ANSWER: Defendant denies the allegations contained in Paragraph 14.**

15. The class is sufficiently numerous such that joinder is impractical. As part of its debt collection practices, Defendant represents hundreds and thousands of homeowners and condominium associations like Plaintiff's Association, Park Place Tower 1 Condominium Association (the "Association") in debt collection efforts for allegedly past due homeowner assessments alleged to be due or owing another.

**ANSWER: Defendant admits that it has represented condominium associations with respect to past due homeowner assessments, however, Defendant denies that Plaintiff**

302692413v1 1013762

**fully or accurately describes the nature of the work done by its attorneys and accordingly denies the remaining allegations contained in Paragraph 15.**

16. While Plaintiff does not know the exact size of the class, as such information is in Defendant's possession, the fact that Defendant regularly represented creditors and condominium and homeowner associations renders common sense assumptions as to numerosity appropriate here.

**ANSWER:** **Defendant denies that Plaintiff can meet the requirements of Rule 23 by making "common sense assumptions" and accordingly denies the allegations contained in Paragraph 16.**

17. Common questions of law and fact exist as to all members of the class and predominate over any questions affecting individual members of the class, including but not limited to whether Defendant's form Collection Letters violated §§ 1692g, 1692e, and 1692f of the FDCPA.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 17.**

18. Plaintiff's claims are typical of the class members' claims because they arise from the same operative facts (the sending of materially identical letters) and are predicated on the same legal theory.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 18**.

19. There are no individual questions of fact, other than whether a class member received an offending letter, a question that can be determined by a ministerial inspection of Defendant's records.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 19.**

302692413v1 1013762

20. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to vigorously prosecuting this matter, has agreed to serve as a class representative, and has retained counsel experienced in handling class actions and claims involving unlawful debt collection practices. Neither Plaintiff nor his counsel have any interests that might cause them to not vigorously pursue this claim on behalf of the class.

**ANSWER:** Defendant denies the allegations contained in Paragraph 20.

21. This action should be maintained as a class action as the prosecution of separate actions by individual class members creates a substantial risk of inconsistent or varying adjudications and could establish incompatible standards of debt collector conduct. Furthermore, the prosecution of separate actions could result in adjudications of individual member claims that could be dispositive of the interests of other members not parties to the adjudications or could substantially impair and/or impede the ability of such individuals to protect their interests.

**ANSWER:** Defendant denies the allegations contained in Paragraph 21.

22. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages in an individual action under the FDCPA is $1,000. Management of the class claims in this case is likely to present significantly fewer difficulties than those presented in many other class cases and the identities of individual class members may be easily obtained from Defendant's records.

**ANSWER:** Defendant denies the allegations contained in Paragraph 22.

**FACTS PARTICULAR TO PLAINTIFF AND RELEVANT TO ALL COUNTS**

23. For years prior to 2018 and continuing to the present, Plaintiff is a unit owner of a residential condominium unit property within the Association.

302692413v1 1013762

**ANSWER:** **Defendant admits that Park Place Tower I Condominium Association referred an account to it for past due amounts on a condominium unit owned by Michael Pietrzak. Defendant denies the remaining allegations contained in Paragraph 23.**

24. On or about April 19, 2018, Defendant mailed Plaintiff a collection letter titled "Notice and Final Demand for Payment" (the "Collection Letter #1"), demanding full payment in the amount of $3,249.75, which lists the charges as follows:

| | |
|---|---|
| Charges through 4/19/2018 per attached | |
| Occupant Ledgers | $2,692.38 |
| Parking Space | $ 317.37 |
| Legal/Collection Charge | $ 240.00 |
| | $3,249.75 |

(*See* attached Exhibit 1).

**ANSWER:** **Defendant admits that on or about April 19, 2018 it sent Plaintiff a letter, a copy of which is attached as Exhibit 1 to the Complaint, that the letter has the language "NOTICE AND FINAL DEMAND FOR PAYMENT" on it and itemizes the $3,249.75 amount due to Park Place Tower I Condominium Association. Defendant denies the remaining allegations in Paragraph 24.**

25. On or about April 27, 2018, Defendant mailed Plaintiff a collection letter titled "Notice and Final Demand for Payment" ("Collection Letter #2"), demanding full payment in the amount of $2,349.75, which lists the charges as follows:

| | |
|---|---|
| Charges through 4/27/2018 per attached | |
| Occupant Ledgers | $1,898.17 |
| Parking Space | $ 211.58 |
| Legal/Collection Charge | $ 240.00 |
| | $2,349.75 |

(*See* attached Exhibit 2).

**ANSWER:** **Defendant admits that on or about April 27, 2018 Defendant sent Plaintiff a letter, a copy of which is attached as Exhibit 2 to the Complaint, that it has the**

8

**language "NOTICE AND FINAL DEMAND FOR PAYMENT" on it and itemizes the $2,349.75 amount due to Park Place Tower I Condominium Association. Defendant denies the remaining allegations in Paragraph 25.**

26. Defendant also sent e-mails to Plaintiff by and through its counsel with the following signature block:

> **Vincent M. Canale** | Attorney at Law
> **SAUL EWING ARNSTEIN & LEHR LLP**
> 161 North Clark, Suite 4200 | Chicago, IL 60601
> Tel: 312.876.6940 | Fax: 312.876.0288
> Vincent.Canale@saul.com | www.saul.com

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**
**ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**ANSWER:** **Defendant admits the allegations in this paragraph with respect to some but not all emails it sent to Plaintiff.**

**COUNT I**
**VIOLATION OF §1692g AS TO COLLECTION LETTER #1**

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 as if fully set forth in this paragraph.

**ANSWER:** **For its answer to Paragraph 27 Defendant restates and realleges its answers to paragraphs 1-26 as if fully set forth herein.**

28. Collection Letter # 1 is the initial collection letter sent to Plaintiff regarding the alleged homeowner assessment debt at issue.

**ANSWER:** **Defendant admits that the letter dated April 19, 2018 was the first letter it sent to Plaintiff regarding Plaintiff's account with Park Place Tower 1 Condominium Association.**

29. Section 1692g of the FDCPA requires a debt collector to include a validation notice within five days of the initial communication from the debt collector to the consumer. This

validation notice is intended to advise the consumers as to certain federal rights under which they may dispute a debt.

**ANSWER:** **Defendant denies that Plaintiff fully or accurately sets forth the law or its application under Section 1692g and accordingly denies Paragraph 29 to the extent it is inconsistent with the language of the statute and applicable case law in this jurisdiction**.

30. Under §1692g of the FDCPA, a collection letter must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the reasonably unsophisticated consumer.

**ANSWER:** **Defendant denies that Plaintiff fully or accurately sets forth the law pursuant to Section 1692g and denies that it has violated Section 1692g of the FDCPA.**

31. Paragraph 2 of Collection Letter #1, Exhibit 1, states in part:

> Pursuant to Section 9-104.1 of the Illinois Code of Civil Procedure, demand is hereby made for payment in full of the Debt within (30) days from the date of this Notice and Final Demand for Payment.

**ANSWER:** **Defendant admits that Paragraph 31 recites a portion of the Letter dated April 19, 2018 and denies the remaining allegations.**

32. Paragraph 2 of Collection Letter #1, Exhibit 1, further states:

> Unless full payment of the Debt is made on or before thirty (30) days after the date of service of this Notice and Final Demand for Payment, your right to possession of the above-referenced condominium unit will be terminated . . .

**ANSWER:** **Defendant admits that Paragraph 32 recites a portion of the Letter dated April 19, 2018 and denies the remaining allegations**.

33. Paragraph 1 on page 2 of Collection Letter #1 states: "**Federal law give you thirty days after you receive this Notice and Final Demand to dispute the validity of the Debt or any part of it**." (Bold emphasis in original).

10

302692413v1 1013762

**ANSWER: Defendant denies that Plaintiff fully or accurately sets forth the language in its letter and denies the allegations contained in Paragraph 33.**

34. The paragraph in Collection Letter #1, as alleged in paragraphs 31 and 32, above, which requires Plaintiff to pay "within (30) days from the date of this Notice …" and to pay in full "on or before thirty (30) days after the date of services" conflicts with the federal notice giving a consumer 30 days to dispute the debt.

**ANSWER: Defendant denies the allegations contained in Paragraph 34.**

35. Collection Letter #1 failed to properly explain the apparent conflict in the statements, as alleged in paragraphs 31, 32, and 33, above, and therefore overshadowed, eviscerate, and confounded the validation notice requirement of §1692g(a) and (b), in violation of the FDCPA.

**ANSWER: Defendant denies the allegations contained in Paragraph 35**.

36. For example, §1692g(b) states, "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

**ANSWER: Defendant admits the quoted language is contained in Section 1692g(b) of the FDCPA and denies the remaining allegations contained in Paragraph 36.**

37. Failure to provide an effective notice of rights under the FDCPA caused Plaintiff and the class members to suffer a concrete injury in fact. There is risk of harm associated with

providing an inaccurate and thus, ineffective notice of dispute rights because consumers may not take advantage of their rights to dispute if they are confused as to when they must pay or be sued. In fact, Congress gave consumers a legally protected interest in receiving certain information about their alleged debts and made the deprivation of such information a cognizable injury.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 37**.

### COUNT II
### VIOLATION OF §1692G AS TO COLLECTION LETTER #2
### PLEAD IN THE ALTERNATIVE TO COUNT I

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 as if fully set forth in this paragraph.

**ANSWER:** **For its answer to Paragraph 38 Defendant restates and realleges its answers to Paragraphs 1-26 of Paragraph 38 as if fully set forth herein.**

39. In the alternative to Count I, Collection Letter # 2 is the initial collection letter sent to Plaintiff regarding the alleged homeowner assessment debt at issue.

**ANSWER:** **Defendant denies that the letter dated April 27, 2018 was the first letter it sent to Plaintiff for the account at issue and accordingly denies the allegations contained in Paragraph 39.**

40. Section 1692g of the FDCPA requires a debt collector to include a validation notice within five days of the initial communication from the debt collector to the consumer. This notice is intended to advise the consumer as to certain federal rights under which the consumer may dispute a debt.

**ANSWER:** **Defendant denies that Plaintiff fully or accurately sets forth the law or its application under Section 1692g and accordingly denies Paragraph 40 to the extent it is inconsistent with the language of the statute and applicable case law in this jurisdiction.**

41. Under §1692g of the FDCPA, a collection letter must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the reasonably unsophisticated consumer.

**ANSWER:** **Defendant denies that Plaintiff fully or accurately sets forth the law or its application under Section 1692g and accordingly denies Paragraph 41 to the extent it is inconsistent with the plain language of the statute and applicable case law in this jurisdiction.**

42. Paragraph 2 of Collection Letter #2, Exhibit 2, states in part:

> Pursuant to Section 9-104.1 of the Illinois Code of Civil Procedure, demand is hereby made for payment in full of the Debt within (30) days from the date of this Notice and Final Demand for Payment.

**ANSWER:** **Defendant admits that Paragraph 42 recites a portion of the Letter dated April 27, 2018 and denies the remaining allegations.**

43. Paragraph 2 of Collection Letter #2, Exhibit 2, further states:

> Unless full payment of the Debt is made on or before thirty (30) days after the date of service of this Notice and Final Demand for Payment, your right to possession of the above-referenced condominium unit will be terminated . . .

**ANSWER:** **Defendant admits that Paragraph 43 recites a portion of the Letter dated April 27, 2018 and denies the remaining allegations.**

44. Paragraph 1 on page 2 of Collection Letter #1 states: "**Federal law give you thirty days after you receive this Notice and Final Demand to dispute the validity of the Debt or any part of it**." (Bold emphasis in original).

**ANSWER:** **Defendant denies that Plaintiff fully or accurately sets forth the language in its letter and denies the allegations contained in Paragraph 44.**

302692413v1 1013762

45. The paragraph in Collection Letter #2, as alleged in paragraphs 43 and 44, above, which requires Plaintiff to pay "within (30) days from the date of this Notice …" and to pay in full "on or before thirty (30) days after the date of services" conflicts with the federal notice giving a consumer 30 days to dispute the debt.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 45.**

46. Collection Letter #2 failed to properly explain the apparent conflict in the statements, as alleged in paragraphs 43, 44, and 45, above, and therefore overshadowed, eviscerated and confounded the validation notice requirements of §1692g(a) and (b), in violation of the FDCPA.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 46.**

47. For example, §1692g(b) states, "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

**ANSWER:** **Defendant admits the quoted language is contained in Section 1692g(b) of the FDCPA and denies the remaining allegations contained in Paragraph 47.**

48. Failure to provide an effective notice of rights under the FDCPA caused Plaintiff and the class members to suffer a concrete injury in fact. There is risk of harm associated with providing an inaccurate and thus, ineffective notice of dispute rights because consumers may not take advantage of their rights to dispute if they are confused as to when they must pay or be sued.

In fact, Congress gave consumers a legally protected interest in receiving certain information about their alleged debts and made the deprivation of such information a cognizable injury.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 48.**

## COUNT III
## VIOLATIONS OF §§1692E AND 1692F OF THE FDCPA

49. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 as if fully set forth in this paragraph.

**ANSWER:** **For its answer to Paragraph 49 Defendant restates its answers to paragraphs 1 through 26 as if fully set forth herein.**

50. The first sentence of Paragraph 2 of Collection Letter #1 and #2, Exhibit 1 and 2, states:

> Pursuant to 9-104.1 of the Illinois Code of Civil Procedure, demand is hereby made for payment in full of the Debt *within (30) days from the date of this Notice and Final Demand for Payment*. . . .

(Emphasis added).

**ANSWER:** **Defendant admits the quoted language is contained in its letters but denies the emphasis supplied by Plaintiff is contained in its letters**.

51. The second sentence of paragraph 2 of Collection Letter #1 and #2, Exhibit 1 and 2, states:

> *Unless* full payment of the Debt is made on or before thirty (30) days after the date of service of this Notice and Final Demand for Payment, *your right to possession of the above-referenced condominium unit will be terminated* . . .

(Emphasis added).

**ANSWER:** **Defendant admits the quoted language is contained in its letters but denies the emphasis supplied by Plaintiff is contained in its letters.**

52. Section 1692e(5) prohibits a debt collector from making any threat to take any action that cannot be legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

**ANSWER: Defendant admits that Paragraph 52 paraphrases Section 1692e(5), denies any violation of that section and denies the remaining allegations.**

53. Section 1692e(10) prohibits a debt collector from the use of any false representation or deceptive e means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

**ANSWER: Defendant admits that Paragraph 53 paraphrases Section 1692e(10), denies any violation of that section and denies the remaining allegations**.

54. Section 1692f prohibits a debt collector from the use of unfair or unconscionable means to collect or attempt to collect any debt.

**ANSWER: Defendant admits that Paragraph 54 paraphrases Section 1692f, denies any violation of that section and denies the remaining allegations.**

55. Under Illinois' Forcible Entry and Detainer Act (the "FED Act"), the right to possession of an owner of a condominium unit cannot be *automatically* terminated, without a court order or legal process, simply because of the unit owner's mere failure to pay his or her homeowner assessments.

**ANSWER: Defendant denies the allegations contained in Paragraph 55 to the extent they are inconsistent with the Forcible Entry and Detainer Act. Defendant further denies that its letters used the language "automatically terminated."**

56. Moreover, section 9-104.1(a) states: ". . . in case of condominium property, the demand *shall* give . . . to the condominium unit owner, as the case may be, *at least* 30 days to

16

satisfy the terms of the demand before an action is filed." 735 ILCS 5/9-104.1(a) (Emphasis added).

> **ANSWER:** Defendant admits that Section 9-104.1 states in part:
>
> **In case there is a contract for the purchase of such lands or tenements or in case of condominium property, the demand shall give the purchaser under such contract, or to the condominium unit owner, as the case may be, at least 30 days to satisfy the terms of the demand before an action is filed.**
>
> **735 ILCS 5/9-104.1**
>
> **Defendant denies the remaining allegations contained in Paragraph 56.**

57. Collection Letters #1 and #2 demand full payment within 30 days of the date of the letters, in violation of section 9-104.1(a) of the FED Act and therefore violate §§ 1692e(2) and (10), in two ways:

> a. Threatening that Plaintiffs' right to possession of his condominium unit will be automatically terminated, within 30 days and without a legal process or court order, simply because of a failure to pay assessments, in violation of §§ 1692e(5) and (10), and § 1692f of the FDCPA; and
>
> b. Demanding full payment within 30 days of the date of the collection letters, in violation of section 9-104.1(a) of the FED Act, and therefore violating §§ 1692e(2) and (10).

**ANSWER:** **Defendant denies the allegations contained in Paragraph 57.**

58. Further, in the case of a condominium, the state court shall stay enforcement of possession for at least 60 days. 735 ILCS 5/9-111 ("The court *shall*, by order, stay the enforcement of the judgment for possession for a period of not less than 60 days from the date of the judgment and may stay the enforcement of the judgment for a period not to exceed 180 days from such date.") (Emphasis added).

**ANSWER:** **Defendant admits the quoted language is contained within 735 ILCS 5/9-111 and denies the remaining allegations contained in Paragraph 58**.

302692413v1 1013762

59. Thus, Defendant cannot legally take possession within 30 days of the date of the collection letters.

**ANSWER: Defendant denies the allegations contained in Paragraph 59 to the extent that they are inconsistent with the FED Act.**

60. Based on the above allegations, Defendant's Collection Letter #1 and #2 violated the FDCPA by making false, deceptive, and unfair representations.

**ANSWER: Defendant denies the allegations contained in Paragraph 60.**

61. Defendant's misrepresentations and unfair collection practice and conduct described herein causes damage. Consumers are left to wonder when and how they may be evicted if they don't pay within the timeframe directed and have had their rights under state and federal law improperly explained, which are specific, identifiable, and concrete harms.

**ANSWER: Defendant denies the allegations contained in Paragraph 61.**

## AFFIRMATIVE DEFENSES

### First Defense

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"), which Defendant denies occurred, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### Second Defense

Defendant affirmatively states that Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims. Plaintiff has not shown an injury of fact which can be attributed to the specific actions of Defendant alleged in this case.

WHEREFORE, Defendant, SAUL EWING ARNSTEIN & LEHR., respectfully requests that judgment be entered in its favor and against Plaintiff, and that this Court enter such further relief as is just, necessary and proper.

        Respectfully submitted,

        HINSHAW & CULBERTSON LLP

        /s/ *Jennifer W. Weller*
        Jennifer W. Weller

Peter D. Sullivan (#6481940)
Jennifer W. Weller (#6270826)
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
psullivan@hinshawlaw.com
jweller@hinshawlaw.com

## **CERTIFICATE OF SERVICE**

       I, Jennifer W. Weller, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 151 North Franklin Street, Chicago, Illinois 60606, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this on <u>October 30, 2018</u>.

| | | |
|---|---|---|
| ☒ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ☐ | Facsimile | Kenneth M. DucDuong |
| ☐ | Federal Express | KMD LAW OFFICE, LTD. |
| ☐ | E-Mail & U.S. Mail | 4001 West Devon Avenue, Suite 332 |
| ☐ | Messenger | Chicago, IL 60646 |
| | | Tel: 312-997-5959 |
| | | kducduong@kmdlex.com |

Stacy M. Bardo
BARDO LAW, P.C.
22 West Washington Street, Suite 1500
Chicago, IL 60602
Tel: 312-219-6980
stacy@bardolawpc.com

                                                      */s/ Jennifer W. Weller*
                                                      Jennifer W. Weller
                                                      One of the Attorneys for Defendant

Peter D. Sullivan (#648194)
Jennifer W. Weller (#6270826)
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
psullivan@hinshawlaw.com
jweller@hinshawlaw.com