IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL PIETRZAK, JASON A. OSBORNE AND LISA OSBORNE, individually and on behalf of themselves and all others similarly situated, | ) ) ) ) |
| | ) Case No. 1:18-cv-06314 |
| Plaintiffs, | ) ) |
| v. | ) Judge: Manish S. Shah |
| SAUL EWING ARNSTEIN & LEHR, a limited liability partnership, | ) ) Magistrate Judge Susan E. Cox ) |
| Defendant. | |

## JOINT MOTION FOR PRELIMINARY APPROVAL

Plaintiffs, Michael Pietrzak ("Pietrzak") and Jason and Lisa Osborne ("the Osbornes")(Pietrzak and the Osbornes are collectively "Plaintiffs"), individually, and as representatives of the class of persons defined below in Paragraph 3 ("Class"), and Defendant, Saul Ewing Arnstein & Lehr LLP ("Saul Ewing" or "Defendant"), jointly request that this Court enter an order which: (i) preliminarily approves the Class Settlement Agreement ("Agreement") attached as Appendix A; (ii) sets dates for Class Members to opt out or object; (iii) schedules a hearing for final approval of the Agreement; (iv) approves the mailing of notice to the Class in the form of Exhibit 1 to Appendix A; and (v) finds that the mailing of such notice satisfies due process. A copy of the proposed preliminary approval order is attached as Exhibit 2 to Appendix A. In support of their request, the parties state as follows:

1. Plaintiffs, individually and on behalf of the Class, filed a lawsuit in the United States District Court for the Northern District of Illinois, entitled *Michael Pietrzak, et al. v. Saul Ewing Arnstein & Lehr, a limited liability partnership*, Case No. 18-cv-6314 (the "Litigation"), alleging that Defendant's Notice and Final Demand for Payment letter ("Demand Letter") violated

the Fair Debt Collection Practices Act ("FDCPA") because language in the letter allegedly overshadowed the statutory § 1692g validation notice, failed to adequately explain the timing of termination of a unit owner's right to possession under the Illinois Eviction Act, and allegedly violated other FDCPA provisions. Defendant denies violating the FDCPA, denies all liability to Plaintiffs and the Class and desires to settle the claims brought solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims that have been asserted by the Class against Defendant in the Litigation.

2. The parties agree that this Agreement and this settlement cannot be used in any other matter or manner, including without limitation in litigation or other proceedings, as an admission of wrongdoing.

3. The parties exchanged written discovery, which included interrogatories and document production requests, completed confirmatory additional discovery to determine the number and identity of the consumers allegedly impacted, and eventually, a Second Amended Class Action Complaint was filed naming additional class representatives and conforming the pleadings to the information adduced during discovery.

4. After several months of arms-length discussion, including significant give and take by both sides, the parties reached a settlement to resolve the Litigation.

5. For those reasons, and based on counsel's analysis of the legal and factual issues presented in this action, the risks and expense involved in pursuing the Litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals, the parties have entered into the Agreement to settle and compromise the Litigation.

6.    For settlement purposes only the parties agree to request certification of the following class:

All persons who resided in Illinois and received a form collection letter materially identical or substantially similar to Exhibits 1, 2 and 3 attached to Plaintiffs' Second Amended Complaint between September 17, 2017 and September 18, 2018.

Excluded from the Class are: (1) unknown trustees; (2) unknown heirs of deceased individuals; and (3) corporate entities including corporations, limited liability corporations, limited partnerships and associations.

Based on Saul Ewing's records, there are approximately 286 persons in the Class including the named Plaintiffs during the class period.

7.    As negotiated by the parties and subject to Court approval, the following amounts shall be paid under the Agreement:

   a.    **Relief to Plaintiffs**.  Subject to Court approval, Defendant agrees and shall pay $5000 to Plaintiff Pietrzak and $1500 total to Plaintiffs Jason and Lisa Osborne for their individual recovery and roles as class representatives.

   b.    **Class Recovery**.  Subject to Court approval, each member of the Class who does not timely exclude him or herself from the settlement ("Class Member") shall receive a payment of approximately $276.40 from a total class recovery of $78,500.

      i.    **Void Date for Class Member Checks.**  Checks issued to Class Members will be void after 90 days ("Void Date").

      ii.   **Uncashed Checks**.  If, following the Void Date of the Class Member's checks, there remains any uncashed checks or undistributed funds, those funds will be redistributed to those Class Members who cashed their checks unless such distribution would be less than $10.00 per Class Member after the costs of such second distribution are subtracted from the undistributed funds. In the event

3

304328047v1 1013762

that a second distribution would result in less than $10.00 per Class Member, any uncashed checks or undistributed funds will be delivered to the Chicago Bar Foundation as a cy pres award and shall be distributed by the Settlement Administrator within 30 days following the last Void Date.

    c.    **Attorneys' Fees and Costs**. Subject to Court approval, Defendant agrees and shall pay Class counsel that amount of attorneys' fees and costs awarded by the Court not to exceed $45,000. Defendant agrees not to oppose Counsel for Plaintiffs and the Class's petition for attorneys' fees and costs in the amount of $45,000.

    d.    **Class and CAFA Notice.** Defendant shall pay all costs associated with the class notice under this Agreement, providing notice in compliance with CAFA in connection with the Agreement, and the costs of administering the Class Settlement.

    i.    Within 30 days of entry of the Preliminary Approval Order, Defendant shall, through a Settlement Administrator, cause actual notice, in the form of Exhibit 1 to Appendix A, to be sent to the last known addresses of the Class Members, according to Defendant's records. The Settlement Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a Class Notice is returned as undeliverable and a forwarding address is provided, the Settlement Administrator shall cause to be forwarded any such returned Class Notice to the address provided within four days of receipt. The Administrator will attempt to locate Class Members whose notices are returned as undeliverable using a skip tracing service and will re-mail the Class Notice to such class member if an updated address is located. The Administrator will also establish a static website

with access to the class settlement agreement, notice, joint motion for preliminary approval and class notice. The website will be available until the Effective Date as defined in the Agreement.

    ii.    **Right of Exclusion**. All persons in the Class who properly file a timely written request for exclusion shall be excluded from the Class and shall have no rights as Class Members pursuant to the Agreement. The Class Notice shall provide that persons in the Class who wish to exclude themselves must submit a written statement requesting exclusion from the Class on or before the Objection/Exclusion Deadline Date. Such written request for exclusion must contain the case name, full name, address, telephone number, and must be signed and returned by mail, fax or electronic mail to the Settlement Administrator before the Objection/Exclusion Deadline Date. The date of the postmark on the return mailing envelope or the timestamp on the electronic submission shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Any person who timely excludes himself or herself from the Class will not be entitled to any recovery under the Settlement and will not be bound by the Agreement or have any right to object, appeal or comment thereon. The Class Administrator shall forward copies of all requests for exclusion to Class Counsel and Counsel for Defendant no later than seven days after the deadline for submission of such requests.

    a.    The parties agree that if more than five percent (5%) of the persons in the Class timely send written requests for exclusion (opt out of the Class Settlement Agreement), either party shall have the right,

but not the obligation, to withdraw from the Settlement. Such an election shall be made in writing and sent to the opposing party's counsel within ten (10) days after the deadline for submitting requests for exclusion specified above.

    iii.   **<u>Right to Object</u>**. All Class Members shall have the right to object to the Settlement. Objections must be filed with the Court by the Class Member making the objection and served on all counsel of record.

    iv.   **<u>Time for Requests for Exclusion or Objections</u>**. All persons in the Class shall have sixty (60) days after mailing of the Class Notice to complete and postmark, or electronically submit, a request to be excluded from the proposed settlement or to object to the proposed settlement.

8. The FDCPA caps a class's statutory recovery available to the Class Members. In an individual action, the person bringing the suit may recover: (i) any actual damages sustained as a result of the alleged violation; and (ii) statutory damages of between $0 and $1,000. In a class action, the maximum possible recovery is: (i) any actual damages sustained as a result of the alleged violation by the class members; and (ii) the lesser of 1% of the Defendant's net worth or $500,000. The Court, in its discretion, may award anything from zero up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit can also recover attorneys' fees and the expenses of prosecuting the suit, if it is successful. In this case Plaintiffs did not seek actual damages for themselves or the Class. In addition, Saul Ewing has denied all liability and denied that its letter violated the FDCPA. As such, upon an analysis of the expense, burden and uncertainty of further litigation, the parties negotiated a total settlement.

9. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

10. The FDCPA is a fee shifting statute and the fees being awarded to the class would not come from a class fund but rather by payment directly from Saul Ewing, pursuant to the fee shifting provision of the FDCPA as set out in § 1692k(a)(3). This provides each class member with the opportunity to know exactly how much they will receive if they all participate, in comparison with what they could receive if they filed their own lawsuit as an individual. The parties further submit that the class notice gives fair notice to the class, the terms of the settlement, and the ways in which class members can participate (or not) in the settlement, thus satisfying the requirements of Fed. R. Civ .P. 23, and of due process.

11. **Schedule for Class Notice, Exclusions, and Objections:** Plaintiffs and Saul Ewing request that the Court set the following schedule for the proposed Agreement:

    a. Class Notice (Exhibit 1 to Appendix A) is to be mailed within 30 days of entry of the Preliminary Approval Order;

    b. Class Members shall have until 60 days after the initial mailing of the notice to request exclusion or object to the proposed settlement;

    c. A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court on a date at least one hundred (100) days from the date of the filing of the Joint Motion for Preliminary Approval.

12. In the event that there is any conflict between any provision of this Motion and the Agreement between the parties, the parties intend for the Agreement to control, subject to Court approval.

WHEREFORE, the parties respectfully request that the Court enter an order in the form of <u>Exhibit 2</u> to the Agreement, which (a) preliminarily approves this Agreement; (b) schedules a hearing for final approval of this Agreement; (c) approves <u>Exhibit 1</u> to the Agreement as notice to the Class to be directed to the last known address of the class members as shown from Saul Ewing's records, (d) sets dates for class members to opt-out or object, and (e) schedules a hearing for final approval under Fed. R. Civ. P. 23(c)(2).

Respectfully submitted,

| BARDO LAW, P.C. | HINSHAW & CULBERTSON LLP |
|---|---|
| /s/ Stacy M. Bardo | /s/ Jennifer W. Weller |
| Stacy M. Bardo | Jennifer W. Weller |
| One of the attorneys for | One of the attorneys for |
| Plaintiffs | Saul Ewing Arnstein & Lehr LLP |

Stacy M. Bardo
Bardo Law, P.C.
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
E-Mail: stacy@bardolawpc.com

Kenneth M. DucDuong
KMD Law Office, Ltd.
4001 West Devon Avenue, Suite 332
Chicago, IL 60646
Tel.: 312.997.5959
Fax: 312.219.8404
E-Mail: kducduong@kmdlex.com

Peter D. Sullivan
Jennifer W. Weller
Hinshaw & Culbertson LLP
151 N. Franklin St.
Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
psullivan@hinshawlaw.com
jweller@hinshawlaw.com

304328047v1 1013762