IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL PIETRZAK, JASON OSBORNE AND LISA OSBORNE, individually and on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> SAUL EWING ARNSTEIN & LEHR, a limited liability partnership, <br><br> Defendant. | Case No. 1:18 CV 06314 <br><br> Judge Manish S. Shah <br><br> Magistrate Judge Susan E. Cox |

**PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS AND NAMED PLAINTIFF INCENTIVE PAYMENTS PURSUANT TO THE PARTIES' SETTLEMENT AGREEMENT**

Plaintiffs, Michael Pietrzak, Jason A. Osborne and Lisa Osborne, by and through their counsel, Kenneth M. DucDuong of KMD Law Office, Ltd. and Stacy M. Bardo of Bardo Law, P.C., respectfully move the Court for an award of attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) of the Fair Debt Collection Practices Act ("FDCPA"), and pursuant to the Court's Order certifying a Settlement Class, and granting Preliminary Approval of the Proposed Class Settlement, directing the dissemination of the class notice, and scheduling a final approval hearing. *See* Dkt. 32, 33.

If the proposed class settlement is approved as negotiated and proposed by the parties, Plaintiffs will recover from Defendant, Saul Ewing Arnstein Lehr, LLP, ("Saul Ewing"), a sum of $78,500 for the benefit of class members, or approximately $276.40 per class member.

As discussed below, Plaintiffs have incurred fees and costs and hereby

1

petition the Court for: (1) an award of reasonable attorney fees and costs in the amount of $45,000, as agreed to in the executed Class Settlement Agreement; and (2) service awards/incentive payments of $5,000 for Michael Pietrzak and $1,500 for Jason Osborne and Lisa Osborne, combined.

Defendant does not oppose the amounts sought by Plaintiffs and the fee number and incentive awards were negotiated over several months with substantial give and take between the parties. Additionally, no class member has voiced objection or concern over the fee or incentive payments. Therefore, Plaintiffs respectfully request that the Court grant the relief requested.

## STANDARD OF LAW

1. The FDCPA was enacted to prevent "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). A plaintiff who prevails under the FDCPA is entitled to an award of costs and reasonable attorneys' fees. *Schlacher v. Law Offices of Phillip J. Rotche & Assoc., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009). The fee award under the FDCPA is mandatory, subject to reasonableness. 15 U.S.C. § 1692k(a)(3); *Tolentino v. Friedman*, 46 F.3d 645, 651-52 (7th Cir. 1995), *cert. denied*, 515 U.S. 1160 (1995).

2. Although there is no precise formula for determining a reasonable fee, district courts generally begin by calculating the lodestar—the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983); *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007). The proper hourly rate is determined based on the market rate for the services of plaintiff's counsel. *See*, e.g., *Missouri v. Jenkins*, 491

2

U.S. 274, 283 (1989). If an attorney commonly charges by the hour, his regular billing rate is presumptively the market rate. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999); *People Who Care v. Rockford Board of Education*, 90 F.3d 1307, 1310 (7th Cir. 1996).

3. The plaintiff bears the burden of proving the reasonableness of his attorneys' fees. *Hensley,* 461 U.S. at 437.

4. The Seventh Circuit has adopted a "market mimicking approach" to assess the reasonableness of attorney fee awards over the multifactor test. *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). This "market mimicking approach" method is designed to award a fee that is the "market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market." *Id*. Accordingly, a court's fee award should match up with what would be expected if class counsel were retained in private transactions. *Id*. at 718.

5. Here, after reviewing the amounts of attorney fees and costs submitted in Plaintiffs' Motion for Preliminary Approval, Dkt. 30, the Court preliminarily found the amounts sought to be reasonable and the service awards appropriate. (Dkt. 32). This Motion is filed seeking final approval after dissemination of the class notice and receipt of no objections.

## **LEGAL DISCUSSION**

### **I. Plaintiffs' Success In This Action**

6. The maximum amount of statutory damages that an individual FDCPA plaintiff can recover is $1,000. 15 U.S.C. § 1692k(a)(2)(A). The "degree of success obtained" is the most important consideration when the court determines what is a

3

reasonable fee award. *Hensley*, 461 U.S. at 436; *Tolentino*, 46 F.3d at 652.

7.     There should be no doubt that Plaintiffs were successful in this action. Saul Ewing has agreed to settle the dispute per the terms of the Class Settlement Agreement and agreed to pay $78,500 on a prorated basis to the class members that will result in payments of at least $276.40 per member, a substantial portion of the $1,000 individual award damages cap. In addition, Saul Ewing agreed to pay incentive awards, class administration costs, and attorney's fees and costs on top of the class recovery so as not to dilute the class members' individual recoveries.

## II.     Counsel's Fees and Hourly Rates are Reasonable

### A.     The Hourly Rates Are Appropriate

8.     Mr. DucDuong has 15 years of experience in federal consumer litigation and has been retained by fee paying clients at the hourly rate of $350, even back in 2016. This is the best evidence of the market assessment of the value of his legal services. Mr. DucDuong seeks an award of an hourly rate of $400 in this action, which was contingent in nature and therefore, subject to a slightly higher rate to account for risk of loss. *See* Exhibit 1, Kenneth DucDuong Certification.

9.     Ms. Bardo has nearly 20 years of experience in federal consumer litigation and has been certified as class counsel in multiple actions where her hourly rates were approved as reasonable. Ms. Bardo seeks an award of an hourly rate of $525 in this action. *See* Exhibit 2, Stacy Bardo Certification.

10.     The Seventh Circuit has found that "it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases." *Tolentino* at 652-53. Approving competitive rates ensures that

4

attorneys will take cases that are in the public's interest. *Id.*

### B. The Number of Hours Expended Is Reasonable

11. As noted above, in calculating an attorneys' fee award, the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley,* 461 U.S. at 433. The Supreme Court has directed that "[c]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id*. at 444.

12. Here, Plaintiffs' counsel collectively incurred a total in excess of 102.5 hours as of the date of writing this brief. The 102.5 hours can be categorized as follows: (a) initial client interviews, review of condominium association ledgers, late notices, and collection letters; (b) drafting of the complaint and amended complaints; (c) completion of Rule 26(a)(1) disclosures; (d) propounding and responding to interrogatories and document production requests; (e) review of discovery responses and in-person review of policy manual; (f) review of net worth information and accounting statements; (g) negotiation of the class settlement agreement over multiple months and dozens of phone calls, including exchange of multiple drafts of the settlement agreement, class notices, and proposed preliminary and final approval orders; (h) work to identify the class members; (i) work with the settlement administrator to approve notice forms and the website; (j) answering calls from class members calling with questions; (k) drafting of the final approval

5

materials; and (l) attendance at court statuses and drafting and filing status reports. The above does not include the final time that will be spent attending the hearing, working with the class administrator to finalize payments, and to monitor any required re-distributions from uncashed checks. At their hourly rates, the 102.5 hours equates to $46,375, plus an additional $573.00 in costs. Counsel endeavored to avoid duplicative work, typically having only one attorney handle each call and each project, save for necessary conferencing when appropriate to discuss strategy, client communications, and discovery issues.

13.     Thus, counsel seeks approval of the negotiated $45,000 fee award. The fees do not reduce the separately negotiated relief to the named Plaintiffs and the class members and reflect a negotiated lodestar amount, which is not excessive given the work done and results achieved.

### III.  PLAINTIFFS SHOULD BE AWARDED SERVICE AND INCENTIVE AWARDS

14.     For their time and efforts to help bring about a benefit for the settling classes, the three class representatives should be awarded a reasonable service award. Service or incentive awards serve to promote class action settlements by encouraging plaintiffs to participate actively in the litigation. Plaintiffs seek court approval of the two service awards for the class representatives.

15.     Mr. Pietrzak seeks an award of $5,000. Mr. Pietrzak, who filed the initial lawsuit, spent many hours collecting pertinent documents and information and discussions with class counsel. Mr. Pietrzak continues to monitor the lawsuit and is in regular communication with his class counsel from the beginning to the present. He answered discovery and was prepared to sit for deposition. The Osbornes joined

the lawsuit as additional plaintiffs. They provided additional documents and information that helped strengthen the case, which the parties ultimately agreed to resolved in the class settlement. The Osbornes seek an award of $1,500, less than Mr. Pietrzak because they did not respond to individualized written discovery. The amount of these awards is well within previously approved incentive awards. *See*, e.g., *Martin v. Reid*, 818 F.3d 302, 206 (7th Cir. 2016) (approved incentive awards of $7,500 and $10,000); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 503 (N.D. Ill. 2015) ($5,000 incentive award approved over objection; "[A] $5,000 reward is justified based on Kolinek's role working with class counsel, approving the settlement agreement and fee application, and volunteering to play an active role if the parties continued litigating through trial.)

16. These payments, like attorney fees and costs, are warranted as a result of the significant benefit being provided to class members. Most individual consumers would never have spent the time and money necessary to achieve a recovery of approximately $1000, as typical in FDCPA cases. The statutory damages and modest actual damages at issue in this case are the types of damages that class actions are most suited to remedy. *See* NEWBERG ON CLASS ACTIONS § 1.6, at 26 (4th Ed. 2002); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617 (1997) ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.")

## CONCLUSION

Based upon the above reasons, Plaintiffs respectfully request an award of

7

attorneys' fees and costs in the amount of $45,000 and service awards in the amount of $5000 to Michael Pietrzak and $1,500 to Jason Osborne and Lisa Osborne.

                                Respectfully submitted,

                                By: s/Kenneth M. DucDuong
                                Attorney for Plaintiffs

                                By: s/Stacy M. Bardo
                                Attorney for Plaintiffs

Stacy M. Bardo
Bardo Law, P.C.
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
E-Mail: stacy@bardolawpc.com

Kenneth M. DucDuong
KMD Law Office, Ltd.
4001 West Devon Avenue, Suite 332
Chicago, IL 60646
Tel.: 312.997.5959
Fax: 312.219.8404
E-Mail: kducduong@kmdlex.com